UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LYN TRAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:17-cv-817 |
| | § | |
| ALLSTATE FIRE & CASUALTY | § | **(JURY)** |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY'S MOTION FOR PARTIAL DISMISSAL
OF PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Allstate Fire and Casualty Insurance Company ("Defendant" or "Allstate"), Defendant in the above-entitled cause, and files its Motion for Partial Dismissal of Plaintiff's Original Petition due to Plaintiff's failure to adequately plead his claims under Federal Rules of Civil Procedure 8 and 9(b). Accordingly, Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) and in support thereof, Defendant would respectfully show the Court as follows:

**I.**

**Nature and Stage of Proceedings**

1.     On February 23, 2017, Plaintiff filed this lawsuit against Defendant in the 101st Judicial District Court of Dallas County, Texas.

2.     On March 24, 2017, Allstate removed this case based on diversity jurisdiction.

3.     Defendant now files this Motion for Partial Dismissal of Plaintiff's Original Petition because Plaintiff's claims are inadequately pled under Federal Rules of Civil Procedure 8 and

*DEFENDANT'S MOTION FOR PARTIAL DISMISSAL*
*OF PLAINTIFF'S ORIGINAL PETITION - PAGE 1*

9(b), and fail to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.

### Plaintiff's Allegations

4.     The heart of Plaintiff's Original Petition alleges that Allstate failed to conduct a fair investigation into the damage to the property and assess the damages. Although Defendant strongly disputes the merit of the breach of contract claim, Plaintiff has arguably set out the minimally "short and plain statement" of his entitlement to relief on that ground. *See* Fed. R. Civ. P. 8.

5.     Plaintiff also seeks damages for negligence, breach of the duty of good faith and fair dealing and violations of the Texas Deceptive Trade Practices Act and purports to seek recovery for statutory causes of action under the unfair settlement practices and prompt payment of claims provisions of the Texas Insurance Code. *See* Exhibit 1 (paragraphs 26-60).

6.     Plaintiff's Original Petition, however, provides no factual allegations to support these claims.  The factual background section of Plaintiff's Original Petition is nothing more than paraphrases of Plaintiff's counsel's erroneous recitals of Allstate's supposed misconduct regarding each of these claims.  Plaintiff's tort and statutory claims rest not on alleged facts but on conclusory statements of Plaintiff's own legal conclusions.

7.     The inadequacy of Plaintiff's allegations of Defendant's alleged misrepresentations and deserve particular note.  Plaintiff does not describe a single representation of any kind by Defendant, let alone one that qualifies as an actionable misrepresentation.  Plaintiff does not describe who made the alleged misrepresentation, when the misrepresentation occurred, the content of the misrepresentation, or in what way Plaintiff relied on the misrepresentation.

## III.

## Argument and Authorities

**A.      Plaintiff's claims for Breach of the Duty of Good Faith and violations of the Texas Deceptive Practices Act and Texas Insurance Code are inadequately pled under Federal Rules of Civil Procedure 8 and 9(b) and, therefore, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).**

8.      Recent decisions of the United States Supreme Court make clear that threadbare, conclusory assertions are not sufficient to make out claims under the Federal Rules of Civil Procedure.  The Supreme Court has explained that, in evaluating a complaint's sufficiency, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 129 S.Ct. 1937, 1949 (U.S. 2009).  As a result, an alleged cause of action that rests only on legal conclusions and sets out no facts cannot be accepted as true, and cannot survive a motion to dismiss.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to set out a viable cause of action. *See Id.*

9.      Federal Rule of Civil Procedure 8(a), on its terms, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief… but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *See Id.* (quoting Fed. R. Civ. P.

10.      Thus, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' *See Id,* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)).  The pleading standard of Rule 8, in short, "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." *See Id.* at 1950.

**DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**
**OF PLAINTIFF'S ORIGINAL PETITION - PAGE 3**

11.     Plaintiff's Original Petition is the very model of an inadequately pled complaint.   In evaluating a complaint's sufficiency, the first step is to "identify the allegations in the complaint that are not entitled to the assumption of truth." *See Id* at 1951.   A review of Plaintiff's Original Petition shows that, outside of the allegations supporting Plaintiff's claim for breach of contract, none of Plaintiff's allegations are entitled to the presumption of truth. For example, Plaintiff alleges that Defendant failed to "attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which Allstate's liability had become reasonably clear." *See* Exhibit 1 (p 13).   Plaintiff gives no explanation of what "failure" he is referring to, or what was not "fair" about Defendant's conduct.   The same applies to any of Plaintiff's ensuing allegations, none of which contain anything beyond legal conclusions. *See* Exhibit 1.

12.     Moreover, pleading the facts underlying a contractual claim does not excuse Plaintiff from pleading the factual allegations of extra-contractual causes of action.   It is well established in Texas that a breach of contract does not, by itself, constitute an unfair or deceptive trade practice.   *See Crawford v. Ace Sign, Inc.,* 917 S.W.2d 12, 14 (Tex. 1996) (discussing the Texas Deceptive Practices Act ("DTPA")); *Bailey v. State Farm Lloyds,* No. Civ. A. H-00-3638, 2001 WL 34106907, at *6 (S.D. Tex. Apr. 12, 2001); *Progressive Co. Mut. Ins. Co. v. Boyd,* 177 S.W.3d 919, 922 (Tex. 2005).

13.     Federal courts in Texas have applied the standards of Rule 8 to strike inadequately pled claims under the Texas Insurance Code and this Court should do so in the present case.   *See, e.g., American Surgical Assistants,* 2010 WL 1340557, at *3 (noting that plaintiff "must show in what way [defendant insurer] … engaged in unfair settlement practices" in violation of the Texas Insurance Code) (emphasis in original); *Wooten v. Tyco Healthcare Group LP*, No. 4:08-CV-229, 2009 WL 1457112, at *2 (E.D. Tex. May 21, 2009) (slip op.) (explaining plaintiff "must

show, after adequately stating her claim [for breach of duty good faith and fair dealing], that it may be supported by some set of facts consistent with the allegations in the complaint"); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H-09-1728, 2009 WL 3602043 (S.D. Tex. Oct. 27, 2009) ("Plaintiffs must put defendants on fair notice of the allegations against them; not require defendants to 'glean' the factual basis of such allegations from a list of ambiguous legal conclusions"); *Hansen v. State Farm Lloyds*, No. Civ. A. H-01-1457, 2001 WL 34109375 (S.D. Tex. June 29, 2001) (explaining that plaintiffs could not maintain claims against resident insurance adjuster-defendant without attributing "any specific actionable conduct" to defendant); *Bailey*, 2001 WL 34106907, at *6 (dismissing plaintiffs' claims against resident adjuster-defendants because "failing to state specific actionable conduct against [defendants] does not suffice to state a claim" for violations of the Texas Insurance Code and DTPA and for breach of the duty of good faith and fair dealing).

14.     The Fifth Circuit has made it clear that the very sort of claims alleged in Plaintiffs' Original Petition must meet the heightened pleading requirements of Rule 9(b). It is well-recognized in federal courts throughout Texas that "[c]laims alleging violations of the Texas Insurance Code and the [DTPA] ... are subject to the requirements of Rule 9(b)." *Frith, 9* F. Supp. 2d at 742; *see also Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (applying Rule 9(b) to both Texas Insurance Code and DTPA claims); *Patel v. Pacific Life Ins. Co., No.* 3:08-CV-249, 2009 WL 1456526, at *18 (N.D. Tex. May 22, 2009) (applying Rule 9(b) to Texas Insurance Code claims); *Ramirez v. American Home Prods.*, No. C.A. B-03-155, 2005 WL 2277518, at *10 (S.D. Tex. Sept. 16, 2005) (applying Rule 9(b) to DTPA claims); *Ergonomic Lighting Sys., Inc. v. Commercial Petroleum Equip./ USALCO*, No. SA-02-CA-31, 2003 WL 22436101, at *4-5 (W.D. Tex. Oct. 21, 2003) (applying Rule 9(b) to

**DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**
**OF PLAINTIFF'S ORIGINAL PETITION - PAGE 5**

DTPA claims); *El Conejo Bus Lines, Inc. v. Metropolitan Life Ins. Co.*, No. Civ. A. 398CV-608-D, 1999 WL 354237, at *2 (N.D. Tex. May 27, 1999) (holding same).

15.     Considering that, as explained above, Plaintiff's claims for statutory violations do not satisfy Rule 8, they certainly do not satisfy the heightened standard of Rule 9(b). There is no question that Plaintiff rests his claims of Texas Insurance Code violations in the same vague description of some sort of wrongful conduct by someone, somewhere during Defendant's adjustment of Plaintiff's claim. In cases such as this, when plaintiffs fail to comply with Rule 9(b) pleading requirements, the remedy is clear: Either Plaintiffs must amend their pleadings to bring them to the necessary standard of particularity, or all of Plaintiff's claims dependent on the inadequately pled factual allegations must be dismissed. *See, e.g., Frith*, 9 F. Supp. 2d at 743.

**B.     District Courts have ruled in favor of insurers on Motions for Partial Dismissal.**

16.     In *Campa v. GeoVera Property & Casualty Insurance Company*, No. 4:10-CV-2707, slip op. (S.D. Tex. Sept. 7, 2010) (Exhibit 2, App. 031-035), Judge Lee Rosenthal held that the Campas had not properly pled fraud, conspiracy, misrepresentation, and Texas Deceptive Trade Practices Act causes of action consistent with Rule 9(b) of the Federal Rules of Civil Procedure and dismissed those claims with leave to amend. And while the Court ruled in *Campa* that the Rule 8 pleading requirements had been met, that case is distinguishable from the present one because here Plaintiffs did not allege any facts beyond legal conclusions couched as factual allegations, leaving the present petition inadequate. *See, e.g., American Surgical Assistants, Inc*, 2010 WL 1340557, at *3 (explaining that plaintiff "must show in what way [defendant insurer] . . . engaged in unfair settlement practices" in violation of the Texas Insurance Code) (emphasis in original); *Wooten*, 2009 WL 1457112, at *2) (explaining plaintiff

"must show, after adequately stating her claim [for breach of duty of good faith and fair dealing], that it may be supported [by] some set of facts consistent with the allegations in the complaint"); *Lakewood Chiropractic Clinic*, 2009 WL 3602043 ("Plaintiffs must put defendants on fair notice of the allegations against them; not require defendants to 'glean' the factual basis of such allegations from a list of ambiguous legal conclusions").

17.     In addition, Judge Robert Junell granted defendants renewed motion for partial dismissal in *Herrera v. Allstate Fire and Casualty Company*, No. MO-11-CV-063, (W.D. Tex. Sept, 14, 2011) (Exhibit 3, App. 036-040) by dismissing plaintiffs' claims for violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act with prejudice because the plaintiffs' factual background was insufficient and the plaintiffs' allegations regarding Insurance Code violations and breach of the duty of good faith and fair dealing were "merely conclusory and do not raise a right to relief above the speculative level." *Id.* at App. 039. Additionally, the court quoted the Fifth Circuit in stating that Rule 9(b) requires at minimum "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Id.* at App. 039-040. (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (additional citations omitted)). The Court also stated that "[a] dismissal for failure to plead with particularity as required by Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim." *Id.* at App. 039 (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). The Court further stated "[c]laims alleging violations of the DTPA are subject to the requirements of Rule 9(b)." *Id.* (quoting *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F. Supp. 2d 821, 824-25 (N.D. Tex. 2001) (citations omitted)).

**DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**
**OF PLAINTIFF'S ORIGINAL PETITION - PAGE 7**

## IV.

## Conclusion

18.     Because of the inadequate and generic factual allegations relating to Plaintiff's claims of negligence, misrepresentation, breach of fiduciary duty, common law fraud, breach of the duty of good faith and fair dealing pursuant to Texas common law and the Texas Deceptive Trade Practices Act, and where Plaintiff seeks recovery for statutory causes of action under the unfair settlement practices and prompt payment of claims provisions of the Texas Insurance Code, case law is clear that dismissal is mandated on each of these causes of action.

## V.

## Prayer

19.     For these reasons, Defendant respectfully requests that this Court dismiss all of Plaintiff's causes of action that are inadequately pled in accordance with Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6). Specifically, Defendant requests that this Court dismiss Plaintiff's claims of negligence, misrepresentation, breach of fiduciary duty, common law fraud, breach of the duty of good faith and fair dealing pursuant to Texas common law and the Texas Deceptive Trade Practices Act, and where Plaintiff seeks recovery for statutory causes of action under the unfair settlement practices and prompt payment of claims provisions of the Texas Insurance Code. Defendant further prays for any and all relief of the law, or at equity, to which Defendant is justly entitled.

Respectfully submitted,

**STACY | CONDER | ALLEN LLP**

/s/ David G. Allen
   David G. Allen
   State Bar No.: 00786972
   allen@stacyconder.com
   Joel Richmond
   State Bar No.: 24065974
   richmond@stacyconder.com

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 (fax)

**ATTORNEYS FOR DEFENDANT
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

   On March 27, 2017 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

     /s/ David G. Allen
     David G. Allen

**DEFENDANT'S MOTION FOR PARTIAL DISMISSAL
OF PLAINTIFF'S ORIGINAL PETITION - PAGE 9**